JUSTICE NELSON
specially concurs and dissents as follows:
I respectfully dissent from our decision on the issue on appeal and concur with our decision on the issue on cross-appeal. Section 72-11-304, MCA, (1991), provides that extrinsic evidence is inadmissible in the construction of a will unless there is some alleged mistake or imperfection in the writing, unless the validity of the will is in dispute, or unless it is necessary to explain the circumstances under which the will was made or to which it relates, to explain an extrinsic ambiguity or to establish illegality or fraud. None of those exceptions are raised here. Winifred’s will is clear and unambiguous, and there is no need to delve into what her supposed intention was in making her will.
Winifred’s will provides at paragraph Second:
If either of my two sons are indebted to me at the time of my death, I forgive such debt or debts and direct my personal representatives not to collect such indebtedness, but to cancel and return any evidences thereof to my son or sons having his indebtedness cancelled. If, at the time of my death, either of my sons are indebted to me, but not in equal amounts, or if one of my sons is indebted to me and the other is not, I direct my personal representatives to pay to my son who is not indebted to me the same amount of money as the amount of indebtedness of my other son that was forgiven; or if one son is indebted to me to a lesser extent than the other, an amount of money sufficient to equalize the indebtedness of my other son forgiven under this provision, taking into consideration any indebtedness of each son forgiven. It is my intention that each of my sons be treated equally. [Emphasis added.]
As the language quoted from her will clearly states, Winifred provided that a son’s debts were to be offset against his share of her estate, if and to the extent that son was indebted to her at the time of her death. In point of fact, Kenneth was not indebted to Winifred at the time of her death. His debt to her had been discharged in bankruptcy — a proceeding in which she was listed as' the principle creditor for the debts offset here, but in which she did not file a creditor’s claim.
Section 72-11-307, MCA (1991), requires that all parts of a will are to be construed in relation to each other so as to, if possible, form one *424 consistent whole. By improperly and unnecessarily attempting to divine Winifred’s intention in order to achieve what appears to be a more equitable result in the distribution of her estate, we have simply written out of her will that language which conditions her direction that her sons be treated equally on the provision that one or the other of her sons be indebted to her at the time of her death.
I cannot agree in that approach. It is not the prerogative of this or of any other court to rewrite the clear and unambiguous provisions of a decedent’s will simply because of a judicial perception of inequity in the distribution of the testatrix’ estate. Accordingly, on the issue on appeal, I respectfully dissent.
JUSTICE GRAY concurs in the foregoing dissent and' special concurrence.